Melvin STEINER, Plaintiff,

v.

NATIONAL LEAGUE OF PROFESSIONAL BASEBALL CLUBS and Charles Feeney as President of the National League of Professional Baseball Clubs, Defendants.

Civ. No. 73–2523–FW.

United States District Court, C. D. California.

June 19, 1974.

946

Bernard & Jaffe, by F. Filmore Jaffe, Los Angeles, Cal., for plaintiff.

McCutchen, Black, Verleger & Shea by G. William Shea, Los Angeles, Cal., Willkie, Farr & Gallagher, New York City, for defendants.

## MEMORANDUM OF DECISION

WHELAN, District Judge.

In this action defendants Charles Feeney and National League of Professional Baseball Clubs, hereinafter National League, have moved the Court for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion came on for hearing and was submitted for decision. The motion of defendants is treated as one for summary judgment by reason of the fact that matters outside the pleading have been presented to and have not been excluded by the Court. Defendants filed the affidavit of Charles Feeney in support of their motion and plaintiff filed an affidavit in opposition to defendants' motion to dismiss. Defendants filed a memorandum of points and authorities in support of their motion and both plaintiff and defendants through their respective council submitted oral argument to the Court prior to the submission of the motion for decision.

Plaintiff's complaint alleges that his action is brought pursuant to the authority in Title 29, § 626(c) of the United States Code, entitled "Age Discrimination in Employment Act of 1967".

The complaint further alleges plaintiff for many years prior to and until the 28th day of December 1972 was employed by defendants as a National League baseball umpire. Plaintiff further alleges in his complaint that defendant Feeney is President of the National League which is an association of baseball clubs. Plaintiff has further alleged in his complaint that defendant Feeney has authority to act on behalf of defendant National League.

It further appears from the complaint that on January 1, 1956, a retirement income plan for National League umpires was adopted by the National League and that it was later amended but was in effect on January 1, 1970. The amendment, effective January 1, 1970, provided in such retirement income plan as follows: "The normal retirement date for an employee shall be the January 1 coinciding with and next following his attainment of the age 55."

From the affidavit of defendant Feeney and the copy of the 1956 retirement income plan for umpires of defendant National League, attached to the Feeney affidavit and referred to therein,

it appears that in 1956 the normal retirement date for umpires was the January next following the attainment of age 55 or January 1, 1956, whichever is later. Upon retirement the retired umpire would receive the provided retirement income fixed in the plan.

In 1970 the 1956 retirement income plan for umpires was the subject of collective bargaining between the National League and the by-then formed Association of Major League Umpires and a new plan was established. A copy of the 1970 plan is attached to the Feeney affidavit as Exhibit B and is referred to in such affidavit. As noted above, the normal retirement date is in effect fixed at the same time as fixed in the 1956 plan.

Prior to his retirement at the end of the 1972 baseball season, plaintiff had served as an umpire in the National League for twelve years. The normal retirement date for plaintiff under the plan was at the end of the 1971 baseball season. However, the National League consented to plaintiff's serving as umpire during the baseball season of 1972 and proposed that plaintiff's retirement be deferred until October 31, 1972. This consent and proposal was contained in a letter from defendant Feeney as President of the National League dated November 2, 1971; and was addressed to plaintiff (Exhibit C attached to the Feeney affidavit). In such letter Feeney stated, "If you are agreeable to deferring your retirement date to October 31, 1972, please so advise me by signing and returning the enclosed copy of this letter". Plaintiff signed his name at the blank space under the word "Agreed" at the end of the letter and his signed copy of such letter was returned to Feeney.

At the end of the 1972 season, defendant Feeney by letter dated November 30, 1972, notified plaintiff that the National League did not intend to consent to post-retirement date service in 1973 and that plaintiff should consider his retirement to be effective as of January 1, 1973.

Under the provisions of the retirement plan one cannot serve as umpire in the National League after his normal retirement date unless the National League acting through its President, defendant Feeney, consented to such person's post-retirement date service as an umpire.

Defendant Feeney in his affidavit states that during the 1972 season plaintiff performed very poorly and with the availability of other more competent umpires the National League decided not to request further deferral of plaintiff's retirement. In support of this statement, Feeney refers in his affidavit to National League's records (Exhibit D attached to the Feeney affidavit) which he states consists of summaries of questionaires submitted to the twelve clubs concerning the performance of umpires. Plaintiff was rated very low on such summaries.

Thus, under the terms of the retirement plan, plaintiff's termination by the National League is valid. However, plaintiff contends that the retirement provision is a subterfuge to avoid the purposes of the 1967 Anti-Age Discrimination Act.

The contention of plaintiff is without merit. Defendant Feeney's affidavit states that since 1956 ten umpires, including plaintiff, have reached retirement age. In each case defendant National League requested, and the individual umpires agreed, that retirement be deferred for some period of time. Thus, umpire Boggess continued to serve as an umpire until he was of the age of 61 years, which age was reached by him in 1963. Umpire Conlan served until 1965 when he had attained the age of 62 years. Umpire Secory served until 1968 when he became 58 years of age. Umpire Donatelli served until 1970; at that time he was 59 years of age. Umpire Barlick served until 1971; he was then 56 years of age. Umpire Venzon served until 1971; he was then 56 years of age and died while serving as an umpire. Umpire Burkhart served until 1972; he

was then 57 years of age. Umpire Crawford, now aged 57, and umpire Pelekoudas, now aged 55, have been requested to defer their retirements and they are still employed. It has been mentioned previously that plaintiff himself served under a deferred retirement until he was 56 years of age. The questionnaire submitted by defendant National League to the various baseball clubs demonstrates that the National League is interested in the performance of the individual umpires and it appears that it is upon the basis of performance that the National League makes its decision concerning deferment of retirement for individual umpires so this is a legitimate and non-discriminatory method of engagement of the services of umpires.

Of course, this Retirement Plan was put into practice long before there was any proscription against employment practices where discrimination because of age was found. Obviously it could not have been evolved in an attempt to circumvent any public policy or law.

This Court considers that the Retirement Plan of the National League is a bona fide employee Retirement Plan which is not a subterfuge to evade the purposes of the Age Discrimination in Employment Act. Therefore, under the provisions of Section 623(f) of the Age Discrimination in Employment Act, 29 U.S.C. Section 623(f), it is lawful for the National League, as well as the Association of National League Umpires to observe the terms of the National League Retirement Plan for Umpires. Nor is it discriminatory against plaintiff because of age or because other umpires have been retained in service to a later age than plaintiff's age when he was no longer employed.

This latter stated conclusion is supported by 29 C.F.R. Section 860.110 (1973) promulgated by the United States Department of Labor, the agency charged with administering the provisions of Title 29 U.S.C. Section 623(f); such regulation provides that "The fact that an employer may decide to permit certain employees to continue working beyond the age stipulated in the normal retirement program does not, in and of itself, render otherwise bonafide plan invalid so far as the exception provided in Section 4(f)(2) is concerned".

This Court is of the opinion that the decision of the National League to terminate the employment of plaintiff was a proper exercise of discretion by the National League in view of the answers to the inquiries put by the National League to its member clubs.

Because there is no dispute as to the material facts herein, this is a proper case to be decided upon a motion for summary judgment.

The foregoing constitutes the undisputed material facts and conclusions of law of the Court.

Judgment will be entered in accordance with this Memorandum of Decision. No judgment shall be entered until the Court has signed and caused to be filed its formal judgment.